## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM JOHNSON,

       Plaintiff,

   v.

DR. VERNON PRESTON, *et al.*,

       Defendants.

No. 4:22-CV-00420

(Chief Judge Brann)

## MEMORANDUM OPINION

### MARCH 10, 2023

Plaintiff, William Johnson, a Pennsylvania state inmate, currently confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1]  The named Defendants are Correct Care Solutions, LLP and the following SCI-Rockview employees:  Dr. Vernon Preston, Dr. Fisher, Health Care Administrator Richard Ellers, and Captain VanGorder.[2]  Johnson alleges Eighth Amendment deliberate indifference and failure to train claims resulting in Defendants alleged deliberate indifference to his serious medical condition when they "delayed diagnosis and treatment and fail[ed] to properly provide post-surgery care and treatment."[3]  He also raises state law negligence and medical malpractice

---

[1]   Doc. 1.
[2]   *Id.*
[3]   *Id.*

claims, as well as a First Amendment retaliation claim.[4]

Presently before the Court are two motions to dismiss filed on behalf of Defendants Ellers and Captain Vangorder,[5] ("Commonwealth Defendants") and Defendants Preston and Correct Care Solutions ("Medical Defendants").[6]  The Medical Defendants originally filed their motion as a motion to dismiss or, in the alternative, for summary judgment, raising the following arguments:

> (1) Plaintiff failed to properly exhaust his administrative remedies per the Prison Litigation Reform Act;
>
> (2) Plaintiff failed to sufficiently allege the personal involvement of Defendants Preston and CCS in his complaint; and
>
> (3) Plaintiff's claim of professional negligence should be dismissed for Plaintiff's failure to file a Certificate of Merit.[7]

However, after receiving Plaintiff's brief in opposition, the Medical Defendants filed their reply brief, indicating that they seek to withdraw their motion for summary judgment, which was based solely on Plaintiff's failure to exhaust administrative remedies.[8]  Defendants also deemed their motion to dismiss Plaintiff's professional negligence claim as moot, based on Plaintiff's filing a Certificate of Merit, indicating that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claims against Defendants.[9]  The

---

[4]   *Id.*
[5]   Doc. 15.
[6]   Doc. 16.
[7]   Doc. 17.
[8]   Doc. 36.
[9]   *Id.*

Medical Defendants therefore seek to proceed solely on their Rule 12 motion to dismiss for Plaintiff's failure to allege personal involvement of Defendants Preston and CCS.[10]

For the reasons set forth below, the Court will grant the Defendants' motions to dismiss based on Plaintiff's failure to allege Defendants' personal involvement in the actions alleged as well as Plaintiff's failure to state a claim against Defendants on the facts alleged.  Additionally, the Court will *sua sponte* dismiss Plaintiff's claim against Defendant Fisher for failure to allege personal involvement in the actions alleged in the complaint.

## I.      STANDARD OF REVIEW

### A.      Rule 12(b)(6)

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[11]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[12]  In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into

---

[10]  Doc. 36.
[11]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[12]  *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

the complaint by reference, and matters of which a court may take judicial notice."[13]

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[14]  "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'  *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937.  Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  *Id*. at 679, 129 S.Ct. 1937.  *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."  (citation and editorial marks omitted)).  Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'  *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[15]  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

---

[13]  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).
[14]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[15]  *Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).
[16]  *Iqbal*, 556 U.S. at 681.

**B.     28 U.S.C. § 1915**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."[17]  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.[18]

Because Johnson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[19]

**II.     JOHNSON'S COMPLAINT**

Johnson's complaint states in toto:

> In March 2020 plaintiff injured himself, tearing the bicep tendons in both arms while doing pull-ups.  He sought medical care, but for over 30 days was only provided pain medication and advised that diagnostic measures would be taken at some point.  Due to the deliberate indifference of the defendants, Preston, Ellers and Correct Care Solutions, and even after the filing of a grievance, plaintiff was not provided necessary medical care for the diagnosis, treatment, and repair of the injuries to his arms.  The delay in diagnosis and treatment caused the tendons to atrophy and required reconstructive surgery that included removal of his tendons and replacement of artificial tendons.  After separate surgeries of his arms, plaintiff was denied proper and

---

[17]  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).
[18]  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).
[19]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

necessary medical care on his return to SCI-Rockview and was not housed in the infirmary but was placed in a housing area not suitable for recovery from serious surgery, due in part to its filthy condition. Further, the defendants failed to provide the prescribed post-surgical care and treatment causing pain, swelling and lack of range of movement in the arms.   When plaintiff filed grievances on these matters, defendants retaliated against him by engaging in an ignoring a pattern of cell shakedowns, confiscation of legal mail, and denial of basic hygiene and other needs in his housing area.[20]

Plaintiff filed the instant action raising an "Eighth Amendment claim for deliberate indifference to serious medical condition, delayed diagnosis in treatment and failure to properly provide post-surgery care and treatment; Eighth Amendment claim for failure to properly supervise and train medical staff at SCI-Rockview; First and Eighth Amendment claims for retribution for plaintiff's grievances and complaints regarding medical care; and State law negligence and medical malpractice claims."[21]  Plaintiff seeks "monetary relief for physical and emotions pain and suffering, past, present and future."[22]

## III.   DISCUSSION

### A.   Federal Claims

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

---

[20]   Doc. 1 at 4.
[21]   Doc. 1 at 5.
[22]   *Id*.

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....[23]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[24] Additionally, "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant."[25] "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."[26] A court may infer that the defendant had contemporaneous knowledge of wrongful conduct from the circumstances of the case, but that knowledge must be actual, not constructive.[27] "A conclusory

---

[23] *Id., see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199,1204 (3d Cir. 1996).

[24] *West v. Atkins*, 487 U.S. 42,48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809,815 (3d Cir. 1994).

[25] *Keys v. Carroll*, No. 3:10-CV-1570, 2012 WL 4472020, at *9 (M.D. Pa. Sept. 26,2012), citing *Iqbal*, 556 U.S. at 676-77 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

[26] *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210,222 (3d Cir. 2015) (citing *Rode v. Dellarciprete*, 845 F.2d 1195,1207 (3d Cir. 1988)).

[27] *Id*.

allegation that defendants were 'directly involved' in the violations of the plaintiff's rights is not sufficient to allege personal involvement."[28]

Initially, the Court notes that aside from being named in the caption, the complaint is devoid of any factual allegations against Defendant Captain Vangorder and Defendant Dr. Fisher.  Accordingly, the complaint fails to plead their personal involvement in any alleged civil rights violations.

Plaintiff's Eighth Amendment medical claims against Defendants Preston, Ellers and Correct Care Solutions will be dismissed for failure to state a claim upon which relief may be granted.  Johnson asserts claims against these Defendants for deliberate indifference to a serious medical need as well as medical malpractice.  A p*rima facie* claim of deliberate indifference require allegations of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[29]  Medical malpractice claims under Pennsylvania law require allegations that (1) defendant owed plaintiff a duty of care; (2) defendant breached the duty; (3) defendant's breach was the proximate cause of plaintiff's injuries; and (4) plaintiff suffered damages as a result of the breach.[30]

---

[28] *Chimenti v. Pa. Dep't. of Corr.*, No. 15-CV-3333, 2016 WL 1125580, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Bush v. Dep't of Human Servs.*, 614 Fed.Appx. 616, 620 (3d Cir. 2015)).

[29] *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

[30] *Mitchell v. Shikora*, 209 A.3d 307, 314 (Pa. 2019) (citing *Hightower-Warren v. Silk*, 698 A.2d 52, 54 (Pa. 1997)

The only allegations against these Defendants are the conclusory allegation that they failed to provide necessary medical care for diagnosis, treatment, and repair of injuries to Plaintiff's arms.  However, it appears from the four corners of the complaint that Plaintiff received medical treatment for his bicep tendon tears and underwent separate surgeries on each arm to correct the injuries.  Such actions are insufficient to allege deliberate indifference or malpractice.

It also appears from Plaintiff's complaint that these Defendants diligently treated Johnson and did not harm him in any way.  Nor is there any allegation that any of the named Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff.[31]  Therfore, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison; these disagreements do not rise to the level of an Eighth Amendment claim.[32]  Consequently, Defendants' motion to dismiss Plaintiff's Eighth Amendment claim for failure to state a claim will be granted.[33]

---

[31] *Farmer*, 511 U.S. at 837; *Rouse*, 12 F.3d at 197.

[32] *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

[33] To the extent that Plaintiff makes the conclusory allegation that this isolated incident of alleged medical indifference was a result of the failure of Defendants to properly supervise or train the medical staff, *see* Doc. 1 at 5, the Court finds that the Plaintiff's failure to manifest a cognizable constitutional Eighth Amendment claim of deliberate indifference also precludes a failure to train claim. *See Connick v. Thompson*, 563 U.S. 51, 61 (2011) (holding that a failure to train or supervise "must amount to deliberate indifference to the rights of person with whom the untrained employees come into contact"). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd of Cnty Cm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410 (1997). "Deliberate indifference is more than simple

9

Moreover, Plaintiff fails to state an Eighth Amendment conditions of confinement claim.  The Eighth Amendment prohibits cruel and unusual punishment.[34]  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.[35]  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.[36]  "A claim of inhumane prison conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.' "[37] Such a claim contains two requirements: an objective and subjective component.[38]  A prisoner asserting a claim that their conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official

---

negligence. It is a deliberate choice to follow a course of action that is made from among various alternatives without regard to the known or obvious consequences." *Pelzer v. City of Philadelphia*, 656 F.Supp.2d 517, 532 (E.D. Pa. 2009) (internal citation and quotation marks omitted). Consequently, any failure to train claim is dismissed.

[34]   U.S. Const. Amend. VIII.

[35]   *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).

[36]   *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

[37]   *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).

[38]   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk."[39]

Here, Plaintiff's only allegation is that after his arm surgery, he was "not housed in the infirmary but was placed in a housing area not suitable for recover from serious surgery, due in part to its filthy condition."[40]  Such a claim is insufficient to establish an Eighth Amendment conditions of confinement claim. Not only does Plaintiff's allegation amount to merely a legal conclusion, which does not meet the pleading standard in federal court, but the complaint also fails to contain any allegations that Defendants had any knowledge about the bald conclusion that the conditions were filthy.  As such, the Corrections Defendants' motion to dismiss Plaintiff's Eighth Amendment conditions of confinement claim will be granted.

Finally, to state a First Amendment retaliation claim, a prisoner must allege that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the inmate's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.

---

[39]  *Id.* at 834, 844–45.
[40]  Doc. 1 at 4.

In this matter, Johnson alleges that Defendants retaliated against him for filing grievances by, among other things, searching his cell multiple times, confiscating his legal materials, and denying Plaintiff basic hygiene and other needs.  Defendants argue that Johnson's allegations are merely legal conclusions and lack factual support to adequately plead causation.  The Court agrees.

In sum, Plaintiff has failed to specify which grievance or grievances triggered the alleged retaliatory acts; the subject matter of said grievances; or when the grievances were submitted. Nor has Plaintiff plausibly described any conduct by any specific Defendant that would demonstrate retaliatory animus, causation, or personal involvement in the retaliatory action. The Court will therefore dismiss Plaintiff's retaliation claim against all Defendants.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.[41]  The Court will grant leave to amend in this case because the dismissed claims are factually, rather than legally, deficient.

Under Federal Rule of Civil Procedure 15, leave to amend should be freely given "when justice so requires."[42]  In the seminal case of *Foman v. Davis*,[43] the Supreme Court of the United States provided guidance for when leave to amend

---

[41]   *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).
[42]   Fed.R.Civ.P. 15(a)(2).
[43]   371 U.S. 178 (1962).

may be denied.  The circumstances that weigh against granting leave include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility.[44]  Amendment is considered futile if the pleading, "as amended, would fail to state a claim upon which relief could be granted.'"[45]  Rule 15 aims to offer "the maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."[46]

### B.     Negligence/Medical Malpractice

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.[47] Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.[48]  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.[49]

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent

---

[44]   *Id.* at 182.
[45]   *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 493 F.3d 393, 400 (3d Cir. 2007) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).
[46]   *United States v. Thomas*, 221 F.3d 435 (3d Cir. 2000) (citations omitted).
[47]   *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Aldinger v. Howard*, 427 U.S. 1, 9 (1976).
[48]   *See* 28 U.S.C. § 1367(c)(3) (1997).
[49]   *New Rock Asset Partners v. Preferred Entity Advancements*, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

13

claim.[50]  However, if a federal claim is dismissed prior to trial, the district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so."[51]

Once the basis for federal jurisdiction disappears, a district court should only exercise its discretion to entertain pendent claims if extraordinary circumstances exist.[52]  A decision as to whether this Court will exercise, jurisdiction over Plaintiff's state law tort claims against the Defendants will be held in abeyance to allow Plaintiff opportunity to file an amended complaint.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Defendants' motions to dismiss Plaintiff's complaint.  The Court will give Plaintiff an opportunity to file an amended complaint to cure the deficiencies with respect to Plaintiff's First Amendment retaliation claim and Plaintiff's Eighth Amendment medical and Eighth Amendment conditions of confinement claims.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50]  *Id.* (citing *Lentino v. Fringe Emp. Plans, Inc.*, 611 F. 2d 474, 479 (3d Cir. 1979) ).
[51]  *Id.*
[52]  *New Jersey Department of Enviromental Protection v. Glouchester Enviromental Management*, 719 F. Supp. 325, 337 (D. N.J. 1989).