IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNSON, | No. 4:22-CV-00420 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DR. VERNON PRESTON, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JULY 13, 2023

## I. BACKGROUND

Plaintiff, William Johnson, a Pennsylvania state inmate, formerly confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983.[1] The named Defendants are Correct Care Solutions, LLP and the following SCI-Rockview employees: Dr. Vernon Preston, Dr. Fisher, Health Care Administrator Richard Ellers, and Captain VanGorder.[2] Johnson alleges Eighth Amendment deliberate indifference and failure to train claims, for Defendants alleged deliberate indifference to his serious medical condition when they "delayed diagnosis and treatment and fail[ed] to properly provide post-surgery care and

---

[1] Doc. 1.
[2] *Id.*

treatment."[3]  He also raises state law negligence and medical malpractice claims, as well as a First Amendment retaliation claim.[4]

By Memorandum and Order dated March 10, 2023, the Court granted two motions to dismiss, filed on behalf of Defendants Ellers and Captain Vangorder,[5] ("Commonwealth Defendants") and Defendants Preston and Correct Care Solutions ("Medical Defendants"), and dismissed remaining Defendant, Dr. Fisher pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to allege personal involvement.[6]  Plaintiff was granted an opportunity to file an amended complaint to cure the deficiencies identified in the Court's Memorandum Opinion.[7]

On May 25, 2023, Plaintiff duly filed an amended complaint.[8]  On June 8, 2023, Defendants Correct Care Solutions and Vernon Preston filed an answer to the complaint,[9] and Defendants Ellers and Captain Vangorder filed a motion to dismiss Plaintiff's complaint.[10]  A supporting brief was filed on June 9, 2023.[11] Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss.  By Order dated June 23, 2023, Plaintiff was directed to file a brief in opposition to Defendants' motion to dismiss.[12]

---

[3] *Id.*
[4] *Id*.
[5] Doc. 15.
[6] Docs. 43, 44.
[7] *Id*.
[8] Doc. 49.
[9] Doc. 50.
[10] Doc. 51.
[11] Doc. 53.
[12] Doc. 55.

On June 30, 2023, this Court's June 23, 2023 Order was returned to the Court marked "return to sender" and "unable to forward," noting that Johnson was "released June 8, 2023."[13] A search of the Department of Corrections' online inmate locator confirmed that Plaintiff is no longer incarcerated.[14] Thus, for the reasons that follow, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute and to comply with a Court Order.

## II. DISCUSSION

On March 21, 2022, Plaintiff was provided with this Court's Instructions for Filing a Complaint by a Pro Se Plaintiff.[15] It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires pro se plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.[16]

Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

---

[13] Doc. 56.
[14] *See* www.cor.pa.gov.
[15] Doc. 4-1.
[16] *Id.*

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[17] "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties."[18] Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co*.[19] However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary.[20]

Plaintiff's last communication with this Court was the May 25, 2023 filing of his amended complaint.[21] Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to

---

[17] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962).
[18] *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007).
[19] 747 F.2d 863, 868 (3d Cir. 1984).
[20] *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).
[21] Doc. 50.

communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal.[22]

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[22] *See Poulis*, 747 F.2d at 868-69.